```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                        ATHENS DIVISION

BRADFORD HUFF,                  *
      Plaintiff,                *
vs.                             *
                                      CASE NO. 3:20-CV-57 (CDL)
WALTON COUNTY, et al.,          *
      Defendants.               *
```

O R D E R

Bradford Huff alleges that he was terminated from his job with Walton County for exercising his First Amendment rights and in violation of the Georgia Whistleblower Act. He also asserts that his termination deprived him of a constitutionally protected property interest in his job and that his termination was a breach of contract. Defendants filed a summary judgment motion on all of Huff's claims. In response, Huff submitted a response brief, a response to Defendants' statement of undisputed material facts, and a "Statement of Additional Facts in Dispute." Defendants moved to strike the statement of additional facts. The motion to strike (ECF No. 69) is granted as discussed below.

Huff's statement of additional facts is a meandering 209-page document with 663 paragraphs. The Court's local rules require that a "respondent to a motion for summary judgment shall attach to the response a separate and *concise* statement of

*material* facts, numbered separately, to which the respondent contends there exists a *genuine dispute* to be tried." M.D. Ga. L.R. 56 (emphasis added). Defendants object to the additional statement of material facts because it is not concise and it does not focus on material disputed facts.

A fact is *material* if it is relevant or necessary to the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual *dispute* is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.* The Court has reviewed Huff's 209-page statement of additional facts. It does not comply with Local Rule 56's requirement that the additional fact statement be *concise* and address *material* facts as to which a *genuine* dispute exists. Instead, it is lengthy and unfocused, it is full of legal conclusions, and it repeats many undisputed facts that are already addressed in a statement of undisputed material facts. Most importantly, it is full of facts that appear to be immaterial given that there is no real dispute that the decisionmakers who terminated Huff were motivated at least in part by a 2017 notice of claim letter Huff sent to the Walton County Board of Commissioners, a 2017 lawsuit Huff filed against a Walton County commissioner, and two emails Huff sent to Georgia's Peace Officer Standards and Training Counsel. The facts regarding Huff's appeal of the termination decision also

2

appear to be largely undisputed. Finally, although Huff's response brief contains numerous facts with citations to the record and an explanation of how those facts affect his claims, his response brief does not mention most of the additional facts, which suggests either that they are not actually material or that Huff wants to circumvent his already extended page limits by submitting a supplemental brief full of additional facts and arguments under the label of "fact statement."

For these reasons, the Court strikes Huff's "Statement of Additional Facts in Dispute," ECF No. 61-14. Within fourteen days of today's Order, Huff may file a redrafted statement of material facts in dispute that complies with Local Rule 56; that fact statement may also include any undisputed *material* facts that were not included in Defendants' statement of undisputed material facts. Huff may also withdraw and replace his response brief with one that addresses any *material* additional facts that are not mentioned in his existing brief. Defendants shall then have fourteen days to reply to the redrafted statement of material facts and to file their reply brief in support of their summary judgment motion.

IT IS SO ORDERED, this 7th day of April, 2022.

                              S/Clay D. Land
                              CLAY D. LAND
                              U.S. DISTRICT COURT JUDGE
                              MIDDLE DISTRICT OF GEORGIA